UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID LUST, et al.,                    No. 2:11-cv-02051-MCE-KJN

       Plaintiffs,

  v.                                   MEMORANDUM AND ORDER

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

----oo0oo----

Plaintiffs David and Lynette Lust ("Plaintiffs") initiated this action in the Superior Court of the State of California for the County of Sacramento against Defendant State Farm Mutual Automobile Insurance Company ("Defendant") alleging causes of action for: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) fraud and deceit; and 4) intentional infliction of emotional distress.  Defendant removed the action to this Court on August 3, 2011, and subsequently filed a Motion to Dismiss Plaintiffs' third and fourth causes of action ("Motion").

///

1

For the following reasons, Defendant's Motion is GRANTED with leave to amend.[1]

## **BACKGROUND**[2]

In 2010, Defendant issued to Plaintiffs a joint insurance policy (the "Policy") covering Plaintiffs' Ford Mustang automobile ("Mustang") as well as their multiple other cars. The Policy listed "Lozier, Lynette & Lust, David" as the policyholders.

On July 3, 2010, the Mustang, along with Plaintiffs' personal property, was purportedly stolen and set on fire. The car was recovered that same day.

Nine days later, on July 12, Plaintiffs' insurance agent assisted them in processing an amendatory endorsement to the Policy by which Lynette Lust's last name on the Policy was changed from "Lozier" to "Lust" and David Lust became the first named insured. At the same time, David Lust signed a "proof of loss" form with regard to Plaintiffs' loss of the Mustang, and the parties arranged to have the Policy covering that vehicle suspended.

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The following facts are derived from Plaintiffs' Complaint.

2

1  The Complaint is far from clear, but Plaintiffs seem to be
2  alleging that executing the name-related Policy changes gave
3  Plaintiffs the impression that David Lust could properly sign the
4  above proof of loss when Lynette Lust actually should have done
5  so.
6      According to Plaintiffs, Defendant subsequently delayed
7  acceptance of Plaintiffs' claim for their loss of the Mustang on
8  the basis that it arose under "suspicious circumstances."  Given
9  Defendant's suspicions, an "intrusive investigation" of
10 Plaintiffs was conducted during which time Defendant's employees
11 and agents allegedly conspired to manufacture reasons to deny
12 Plaintiffs their Policy benefits.  Two of Defendant's employees
13 purportedly accused Plaintiffs of fraud as well.
14      On September 21, 2010, Defendant nonetheless accepted
15 coverage of Plaintiffs' claim as it pertained to the vehicle
16 itself.  Defendant refused, however, to compensate Plaintiffs for
17 the loss of their personal property.  Plaintiffs thereafter filed
18 this action for: 1) breach of contract; 2) breach of the implied
19 covenant of good faith and fair dealing; 3) fraud and deceit; and
20 4) intentional infliction of emotional distress.  Defendant now
21 moves to dismiss the latter two of these claims.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level."

///
///
///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

1  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur
2  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)
3  (stating that the pleading must contain something more than "a
4  statement of facts that merely creates a suspicion [of] a legally
5  cognizable right of action.")).
6       When alleging fraud, however, a plaintiff must meet a
7  heightened pleading standard under which "a party must state with
8  particularity the circumstances constituting fraud...."
9  Fed. R. Civ. P. 9(b).  In order to pass muster under Rule 9(b), a
10 pleading must provide enough information to put the defendant on
11 notice of the conduct complained of so that an adequate defense
12 can be formulated.  See, e.g., Harrison v. Westinghouse Savannah
13 River Co., 176 F.3d 776, 784 (4th Cir. 1989).
14      If the court grants a motion to dismiss a complaint, it must
15 then decide whether to grant leave to amend.  The court should
16 "freely give[]" leave to amend when there is no "undue delay, bad
17 faith[,] dilatory motive on the part of the movant,...undue
18 prejudice to the opposing party by virtue of...the amendment,
19 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a)(2);
20 Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to
21 amend is only denied when it is clear that the deficiencies of
22 the complaint cannot be cured by amendment.  DeSoto v. Yellow
23 Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).
24 ///
25 ///
26 ///
27 ///
28 ///

5


**ANALYSIS**

Defendant moves to dismiss Plaintiffs' fraud and deceit and intentional infliction of emotional distress causes of action. Defendants' Motion is well taken, and both claims are now dismissed with leave to amend.

**A.   Fraud and Deceit.**

Defendant moves to dismiss Plaintiff's third cause of action for fraud and deceit on the basis that Plaintiffs have failed to adequately plead the required elements of the claim.  "The well-established common law elements of fraud which give rise to the tort action for deceit are: (1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." <u>City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 68 Cal. App. 4th 445, 481-82 (1998) (citations omitted).  "The absence of any one of these required elements will preclude recovery." <u>Wilhelm v. Pray, Price, Williams & Russell</u>, 186 Cal. App. 3d 1324, 1331 (1986).

Moreover, as stated above, "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong."

6

1  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)
2  (internal citations and quotations omitted).  Indeed,
3  "[a]verments of fraud must be accompanied by 'the who, what,
4  when, where, and how' of the misconduct charged." Id. (quoting
5  Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  "[A]
6  plaintiff must set forth more than the neutral facts necessary to
7  identify the transaction.  The plaintiff must set forth what is
8  false or misleading about a statement, and why it is false." Id.
9  (quoting In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541,
10 1548 (9th Cir. 1994)) (alteration and emphasis in original).
11 Defendant thus contends dismissal is required here because
12 Plaintiffs alleged their fraud claim only in general terms and
13 without reliance on sufficiently specific allegations.
14       Plaintiffs of course disagree and take the position in their
15 Opposition that their third cause of action is adequately pled.
16 In support of this argument, however, Plaintiffs simply reiterate
17 a variety of factually deficient allegations from their
18 Complaint.  For example, Plaintiffs allege that Defendant:
19 1) altered sworn testimony from the examinations under oath;
20 2) "intentionally failed to disclose that the proof of loss was
21 invalid since it was signed by the wrong named insured";
22 3) "engaged in improper post-claim underwriting" by retroactively
23 processing an amendatory endorsement with three different dates
24 to create the appearance that the proper named insured signed the
25 proof of loss"; 4) concealed the improper post-claim underwriting
26 by improperly issuing policy renewals, which caused an increase
27 in Plaintiffs premium for their replacement vehicle; and
28 5) "actively concealed important facts from [Plaintiffs]."

7

1  Complaint, ¶¶ 90-97.  Plaintiffs also aver very generally that:
2  1) they "did not know of the concealed facts"; 2) Defendant
3  "intended to deceive [Plaintiffs] by concealing the facts";
4  3) Plaintiffs "reasonably relied on [Defendant's] deception; and
5  4) Plaintiffs "were harmed."  Plaintiffs point the Court to a
6  variety of additional allegations throughout their Complaint as
7  well, none of which add any real detail going to the "who, what,
8  when, where and how of the misconduct charged."

9       Accordingly, even construing all of Plaintiffs' allegations
10 in the light most favorable to them, given the generality of
11 those assertions, it is entirely unclear what was fraudulent or
12 deceitful about Defendant's actions.  More to the point, none of
13 Plaintiffs' allegations standing alone or in combination with one
14 another establish what, exactly, Defendant misrepresented to
15 Plaintiffs, nor have Plaintiffs alleged with even minimal
16 particularity those facts that might support the scienter, intent
17 or damages elements of their deceit cause of action.  Defendant's
18 Motion to Dismiss Plaintiffs' fraud and deceit claim is thus
19 GRANTED with leave to amend.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8

**B.     Intentional Infliction of Emotional Distress**.

Defendant also moves to dismiss Plaintiffs' fourth cause of action for intentional infliction of emotional distress. "The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Cervantez v. J.C. Penny Co., 24 Cal. 3d 579, 593 (1979) (superseded by statute on other grounds). To be "outrageous" Defendant's conduct must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community." Kelley v. Conco Cos., 196 Cal. App. 4th 191, 215 (Cal. App. 2011) (internal citations and quotations omitted). California courts have set a high bar for emotional distress claims, requiring "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Id. at 215-16 (citations omitted alteration in original).

///
///
///
///
///
///

1 Despite this high bar, Plaintiffs believe they sufficiently stated an emotional distress claim by alleging that Defendant's investigation into whether they had purposefully destroyed their own vehicle in order to recoup the insurance proceeds caused them severe emotional distress and constituted extreme and outrageous behavior on Defendants' part.  The allegations in the Complaint do not support this conclusion.

First, Plaintiffs' intentional infliction of emotional distress is based almost entirely on a series of legal assertions, see Complaint, ¶¶ 104-108, all of which are conclusory and none of which serve to state a claim.  Moreover, while Plaintiffs have attempted to provide some factual support for the "severe emotional distress" aspect of this claim by charging Defendant with causing Plaintiffs to suffer anxiety, to lose sleep and to contemplate forgoing a previously planned vacation, id. at ¶ 84, this sort of emotional distress is simply not "severe" as a matter of law.  See Hughes v. Pair, 46 Cal. 4th 1035, 1051 (2009) ("[P]laintiff's assertions that she ha[d] suffered discomfort, worry, anxiety, upset stomach, concern, and agitation as the result of defendant's comments to her...[did] not comprise emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.") (alterations in original and internal quotations and citations omitted).  Plaintiffs have likewise failed to allege sufficiently "outrageous" conduct on Defendant's part.

///

///

10

1  See, e.g., Ricard v. Pacific Indemnity Co., 132 Cal. App. 3d 886,
2  890, 895 (1982) (allegations that individual defendants
3  "intentionally, willfully, knowingly and maliciously refused to
4  properly investigate, process and communicate with plaintiff
5  concerning his...claim for the purpose of wrongfully terminating
6  [the insurer's] continuing obligation to furnish medical care"
7  were not sufficiently "outrageous"); Schlauch v. Hartford
8  Accident & Indemnity Co., 146 Cal. App. 3d 926, 936 (1983) (not
9  "outrageous" to delay tender of policy limits for two and one-
10 half years despite the fact damages were well in excess of policy
11 limits and liability was obvious).  Accordingly, this cause of
12 action is also dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint.  If no amended complaint is filed within said twenty-day period, without further notice to the parties, those causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice.

IT IS SO ORDERED.

DATED: February 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11